IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs December 15, 2015 at Knoxville

**GRICO CLARK v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Madison County**
**No. C-15-52     Roy B. Morgan, Jr., Judge**

_____

**No. W2015-00894-CCA-R3-PC  -  Filed January 20, 2016**

_____

The Petitioner, Grico Clark, appeals as of right from the Madison County Circuit Court's dismissal of his petition for post-conviction relief.  The Petitioner contends that he received ineffective assistance from his trial counsel due to (1) trial counsel inaccurately advising him about his potential sentencing exposure causing the Petitioner to reject a favorable plea offer from the State; (2) trial counsel "failing to properly advise" the Petitioner about his right to testify at trial; (3) trial counsel "failing to properly communicate" to the Petitioner the results of a mental competency evaluation; and (4) trial counsel failing to raise on direct appeal an "issue regarding a conflict of interest." Discerning no error, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROGER A. PAGE, JJ., joined.

G. W. Sherrod III, Henderson, Tennessee, for the appellant, Grico Clark.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; James G. Woodall, District Attorney General; and Alfred Lynn Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

FACTUAL BACKGROUND

The Petitioner was tried along with two co-defendants for his role in the July 11, 2011 robbery and kidnapping of Shannell Henning and Leon Jackson.  See State v. Grico Clark, Jordan Curry, and Deangelo White, No. W2012-02666-CCA-R3-CD, 2014 WL 505501, at *1 (Tenn. Crim. App. Feb. 7, 2014), perm. app. denied (Tenn. June 20, 2014).

The Petitioner was convicted of two counts of especially aggravated kidnapping, two counts of aggravated robbery, one count of aggravated burglary, one count of employing a firearm during the commission of a dangerous felony, and one count of evading arrest, for which he received a total effective sentence of forty-four years. Id.

The evidence at trial established that in the early morning hours of July 11, 2011, the Petitioner and his co-defendants approached the victims in the parking lot of their apartment complex. Clark, 2014 WL 505501, at *1. Two of the men were armed with guns; the men informed the victims "that they were being robbed" and ordered the victims "to walk toward their apartment or they would be killed." Id. Once inside the victims' apartment, Mr. Jackson was duct-taped to a kitchen chair, and his money was taken from him. Id. at *2. The men also took Ms. Henning's purse. The Petitioner and one of his co-defendants searched the apartment for money. Id.

In an attempt to escape, Ms. Henning told the men that she could get them more money at a nearby apartment. Clark, 2014 WL 505501, at *2. The Petitioner and one of the co-defendants took Ms. Henning out of the apartment at gunpoint while the other co-defendant stayed behind with Mr. Jackson. The Petitioner and one of his co-defendants forced Ms. Henning to drive to another apartment and, once there, ordered her to return from the apartment in five minutes with more money or they would "shoot up" the apartment. Id. Once inside the apartment, Ms. Henning was able to call the police. When the police arrived, the Petitioner and his co-defendant fled on foot, but they were quickly apprehended. A gun and ten dollars was found in the area where the Petitioner and his co-defendant were running. Both Mr. Jackson and Ms. Henning were able to identify the Petitioner as one of the robbers. Id.

This court affirmed the Petitioner's convictions and sentences on direct appeal, and our supreme court declined to review that decision. Clark, 2014 WL 505501, at *1. On January 27, 2015, the Petitioner filed a timely pro se petition for post-conviction relief alleging numerous instances of ineffective assistance of trial counsel. The Petitioner was appointed an attorney, and an amended petition was filed on March 4, 2015, raising additional claims of ineffective assistance of trial and appellate counsel.[1] A hearing on this matter was held on April 27, 2015.

The Petitioner claimed that he only rejected the State's plea offer for a total effective sentence of twenty years to be served at one hundred percent because trial counsel had advised him that he would only get twenty years regardless of any negative

---

[1] This opinion concerns itself only with the claims raised by the Petitioner in his appellate brief. The post-conviction court ultimately denied post-conviction relief on all of the Petitioner's claims. The Petitioner has waived our review of the remaining claims by not raising them in his brief. See Tenn . R. App. P. 13(b).

outcome at trial and that he had "a better chance at getting a lower sentence" if he went to trial. The Petitioner also claimed that trial counsel talked him out of testifying at trial, telling the Petitioner that it "wouldn't do [him] no [sic] justice if [he] got on the stand and testified." The Petitioner stated that if he had testified at trial, he would have told the jury that it was not his intention "to go and rob somebody and kidnap them" and that he "was under the influence of drugs" and "didn't know what [he] was doing." The Petitioner admitted that he submitted to a mental competency evaluation prior to trial, but he claimed that trial counsel never informed him of the results of that evaluation.

On cross-examination, the Petitioner claimed that he did not understand the allegations he had made in his pro se petition for post-conviction relief. The Petitioner admitted that he received several letters from trial counsel regarding numerous plea offers made by the State, but he claimed that he could not recall rejecting any of the offers and denied that he had instructed trial counsel to propose counter-offers to the State. The Petitioner admitted that he had a prior conviction for attempted especially aggravated robbery. In addition to that conviction, the Petitioner had "a weapons conviction" and "several prior juvenile adjudications." Clark, 2014 WL 505501, at *9. The Petitioner recalled that the trial court "talked to [him] about [his] right to testify" at trial but claimed that he could not recall if the trial court told him that he had the right to testify or if trial counsel spoke to him about that right.

Trial counsel testified that there were "multiple" offers from the State prior to trial and that the final offer was for a total effective sentence of twenty years to be served at one hundred percent. Trial counsel further testified that he had "many" discussions with the Petitioner about "the serious nature of these charges." Trial counsel explained that the Petitioner "had given a statement that had implicated him[self] in this matter" and that he believed "the likelihood of conviction was great," so he "urged [the Petitioner] to give serious consideration to all plea negotiations." Trial counsel denied ever telling the Petitioner that he would receive a twenty-year sentence regardless of any negative outcome at trial. Trial counsel testified that it was the Petitioner's decision to reject the State's plea offers and proceed with the trial.

A series of letters trial counsel sent to the Petitioner was introduced into evidence. Each letter addressed a plea offer from the State, outlined the potential sentences the Petitioner faced, informed the Petitioner that if he went to trial there was the possibility that consecutive sentencing could be imposed, and urged the Petitioner to "strongly consider" the State's offers. Two letters sent from trial counsel to the prosecutor were also introduced into evidence. Those letters informed the prosecutor of the Petitioner's rejection of the State's plea offers and the Petitioner's proposed counter-offers.

Trial counsel testified that, prior to trial, he had received notice from the State of the Petitioner's prior convictions that the State intended to use for impeachment

purposes. Trial counsel further testified that he spoke with the Petitioner about the impeachment issue and the Petitioner's right to testify. Trial counsel testified that it was the trial court's practice "to question a defendant on the record about that right" and that the trial court had done so in this case. Trial counsel also testified that he "didn't see anything to gain from [the Petitioner's] testimony" given the overwhelming evidence against the Petitioner.

Trial counsel testified that a mental competency evaluation was performed on the Petitioner prior to trial, that the Petitioner was deemed competent, and that he "communicated" the results of the evaluation to the Petitioner. Additionally, trial counsel testified that he did not have any difficulties discussing this case with the Petitioner and that he believed the Petitioner understood the trial proceedings. Trial counsel admitted that he was aware that one of the co-defendants was represented on appeal by an attorney who had been employed as an Assistant District Attorney General "at the time that these offenses were committed" but that he did not investigate whether that "could have created an issue for [the Petitioner] on appeal" because he did not "see how it related to" the Petitioner.

Jeremy Epperson testified that he was trial counsel for one of the Petitioner's co-defendants. Mr. Epperson testified that the State made a plea offer for a twenty-year sentence to all three defendants and that all three defendants rejected the offer prior to trial. Mr. Epperson also testified that the trial court questioned all of the defendants, including the Petitioner, about their decision not to testify at trial and that all of the defendants decided not to testify.

The post-conviction court dismissed the petition, finding that the Petitioner failed to prove his factual allegations by clear and convincing evidence. The post-conviction court accredited the testimony of trial counsel over that of the Petitioner. The post-conviction court also noted, with respect to the Petitioner's decision not to testify at trial, that the Petitioner signed a form waiving his right to testify and that the form was part of the trial record. The post-conviction court also concluded that the issue of who represented the co-defendants on direct appeal was "no factor" for the Petitioner "in his case." This timely appeal followed.

## ANALYSIS

The Petitioner contends that the post-conviction court erred in dismissing his petition for post-conviction relief. The Petitioner argues that trial counsel committed numerous instances of ineffective assistance of both trial and appellate counsel. The State responds that the Petitioner has failed to prove his factual allegations by clear and convincing evidence or establish that he was prejudiced by any of the alleged deficiencies.

-4-

At the outset, we note that the argument section of the Petitioner's appellate brief is woefully inadequate. The Petitioner briefly outlines the standard of review for a claim of ineffective assistance of counsel and then cites to our supreme court's decision in Calvert v. State, 342 S.W.3d 477, 491-92 (Tenn. 2011), where the court granted post-conviction relief to a defendant whose trial counsel did not inform him that a mandatory sentence of community supervision for life would result from his guilty pleas to rape. The brief states that the "facts of the present case are even stronger than the facts in Calvert," then simply recites the Petitioner's claims of ineffective assistance of counsel without providing any factual basis or citations to legal authorities to support the claims, and concludes that "any of these failures on the part of trial counsel [was] sufficient to grant the request for relief by the Petitioner." As such, the Petitioner has waived review of these claims in this court. See Tenn. Ct. Crim. App. R. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court").

Waiver notwithstanding, the Petitioner failed to prove his factual allegations by clear and convincing evidence. Post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. Criminal defendants are constitutionally guaranteed the right to effective assistance of counsel. Dellinger v. State, 279 S.W.3d 282, 293 (Tenn. 2009) (citing U.S. Const. amend. VI; Cuyler v. Sullivan, 446 U.S. 335, 344 (1980)). When a claim of ineffective assistance of counsel is made under the Sixth Amendment to the United States Constitution, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72 (1993).

Deficient performance requires a showing that "counsel's representation fell below an objective standard of reasonableness," despite the fact that reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 688-89. Prejudice requires proof of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim." Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996). The Strickland standard has been applied to the right to counsel under article I, section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

The burden in a post-conviction proceeding is on the petitioner to prove his allegations of fact supporting his grounds for relief by clear and convincing evidence.

Tenn. Code Ann. § 40-30-110(f); see Dellinger, 279 S.W.3d at 293-94. On appeal, we are bound by the post-conviction court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). Additionally, "questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved" by the post-conviction court. Id. Because they relate to mixed questions of law and fact, we review the post-conviction court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. Id. at 457.

Most of the Petitioner's allegations are supported only by the Petitioner's testimony at the post-conviction hearing. The post-conviction court accredited the testimony of trial counsel over the Petitioner's testimony regarding the claims that trial counsel improperly advised the Petitioner about his potential sentencing exposure, failed to advise the Petitioner about his right to testify at trial, and failed to communicate the results of the Petitioner's mental competency evaluation to him. Likewise, Mr. Epperson testified that he observed the Petitioner in open court reject the State's final plea offer and waive his right to testify. With respect to the alleged conflict of interest regarding one of the co-defendants' appellate counsel, the Petitioner failed to present any evidence establishing that the attorney participated in the prosecution of this case or was even aware that these offenses had occurred during her time as an Assistant District Attorney General. Nor did the Petitioner present any evidence as to how this alleged conflict of interest would have affected his direct appeal. Accordingly, we conclude that the post-conviction court did not err in dismissing the petition.

CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE

-6-